## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
CASE NO.

LOUIS VUITTON MALLETIER, S.A.,

        Plaintiff,

vs.

THE INDIVIDUALS, PARTNERSHIPS,
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A" and  DOES 1-10,

        Defendants.

_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, Louis Vuitton Malletier, S.A. ("Plaintiff" or "Louis Vuitton"), hereby sues Defendants, the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" hereto and Does 1-10 (collectively "Defendants"). Defendants are promoting, selling, offering for sale, and distributing goods bearing counterfeits and confusingly similar imitations of Louis Vuitton's trademarks within this district through various Internet based e-commerce stores using the seller identities set forth on Schedule "A" hereto (the "Seller IDs"). In support of its claims, Louis Vuitton alleges as follows:

## JURISDICTION AND VENUE

1.    This is an action for federal trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement pursuant to 15 U.S.C. §§ 1114, 1116, and 1125(a), and The All Writs Act, 28 U.S.C. § 1651(a). Accordingly, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction pursuant to 28

U.S.C. § 1367 over Louis Vuitton's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

2. Defendants are subject to personal jurisdiction in this district, because they direct business activities toward and conduct business with consumers within the State of Florida and this district through at least the Internet based e-commerce stores under their Seller IDs.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants are, upon information and belief, aliens who are engaged in infringing activities and causing harm within this district by advertising, offering to sell and/or selling infringing products to consumers in Florida.

## THE PLAINTIFF

4. Louis Vuitton is a foreign business entity organized under the laws of the Republic of France with its principal place of business located at 2, rue du Pont-Neuf in Paris, France 75034. Louis Vuitton operates boutiques throughout the world, including within this district. Louis Vuitton is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this district, a variety of high quality luxury goods under multiple world famous common law and federally registered trademarks, including those identified in Paragraph 15 below. Louis Vuitton offers for sale and sells its trademarked goods within this district. Defendants' sales of counterfeit and infringing Louis Vuitton branded products are causing damage to Louis Vuitton within this jurisdiction. Defendants, through the sale and offering for sale of counterfeit and infringing Louis Vuitton branded products, are directly, and unfairly, competing with Louis Vuitton's economic interests in the State of Florida and causing Louis Vuitton harm within this jurisdiction.  Louis Vuitton regularly enforces its intellectual property rights and authorized this action be brought in its name.

5.      Like many other famous trademark owners in the luxury goods market, Louis Vuitton suffers ongoing daily and sustained violations of its trademark rights at the hands of counterfeiters and infringers, such as Defendants herein, who wrongfully reproduce and counterfeit Louis Vuitton's trademarks for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits. The natural and intended byproduct of Defendants' actions is the erosion and destruction of the goodwill associated with the Louis Vuitton name and associated trademarks and the destruction of the legitimate market sector in which it operates.

6.      In order to combat the indivisible harm caused by the combined actions of Defendants and others engaging in similar conduct, each year Louis Vuitton expends significant monetary resources in connection with trademark enforcement efforts, including legal fees, investigative fees, and support mechanisms for law enforcement, such as field training guides and seminars. The recent explosion of counterfeiting over the Internet has created an environment that requires Louis Vuitton to file a large number of lawsuits, often it later turns out, against the same individuals and groups, in order to protect both consumers and itself from the ill effects of confusion and the erosion of the goodwill associated with to the Louis Vuitton brand.

## THE DEFENDANTS

7.      Defendants are individuals and/or business entities of unknown makeup, each of whom, upon information and belief, either reside in foreign jurisdictions with lax trademark enforcement systems or redistribute products from sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Defendants conduct pervasive business throughout the United States, including within this district through the operation of, at least, one fully interactive commercial Internet based e-commerce store via the

Internet marketplace websites, Amazon.com, Bonanza.com, and/or iOffer.com, under the Seller IDs identified on Schedule "A" hereto.

8.     Louis Vuitton is presently unaware of the true names of Does 1-10 although they are generally identified as the managing agents and/or co-conspirators of Defendants operating under the Seller IDs. Louis Vuitton will amend this Complaint upon discovery of the identities of such fictitious Defendants.

9.     Defendants are the past and present controlling forces behind the sale of counterfeit and infringing products bearing Louis Vuitton's trademarks as described herein using at least the Seller IDs.

10.    Upon information and belief, Defendants directly engage in unfair competition with Louis Vuitton by advertising, offering for sale, and selling goods bearing counterfeits and infringements of one or more of Louis Vuitton's trademarks to consumers within the United States and this district through Internet based e-commerce stores using, at least, the Seller IDs and additional names or seller identification aliases not yet known to Louis Vuitton. Defendants have purposefully directed some portion of their illegal activities towards consumers in the State of Florida through the advertisement, offer to sell, sale, and/or shipment of counterfeit Louis Vuitton-branded goods into the State.

11.    Defendants have registered, established or purchased, and maintained the Seller IDs. Upon information and belief, Defendants have engaged in fraudulent conduct with respect to the registration of the Seller IDs by providing false and/or misleading information to the Internet based e-commerce stores where they sell during the registration or maintenance process. Upon information and belief, Defendants have anonymously registered and maintained some of the Seller IDs for the sole purpose of engaging in illegal counterfeiting activities.

12.     Upon information and belief, Defendants will continue to register or acquire new seller identification aliases for the purpose of selling and offering for sale goods bearing counterfeit and confusingly similar imitations of Louis Vuitton's trademarks unless preliminarily and permanently enjoined.

13.     Defendants' Internet-based businesses amount to nothing more than illegal operations established and operated in order to infringe the intellectual property rights of Louis Vuitton and others.

14.     Defendants' business names, i.e., the Seller IDs, and any other alias seller identification names used in connection with the sale of counterfeit and infringing goods bearing Louis Vuitton's trademarks are essential components of Defendants' online activities and are one of the means by which Defendants further their counterfeiting and infringing scheme and cause harm to Louis Vuitton. Moreover, Defendants are using Louis Vuitton's famous name and trademarks to drive Internet consumer traffic to their e-commerce stores operating under the Seller IDs, thereby increasing the value of the Seller IDs and decreasing the size and value of Louis Vuitton's legitimate common marketplace at Louis Vuitton's expense.

## COMMON FACTUAL ALLEGATIONS

### Plaintiff's Business and Trademark Rights

15.     Louis Vuitton is the owner of all rights in and to the following trademarks, which are valid and registered on the Principal Register of the United States Patent and Trademark Office (collectively, the "Louis Vuitton Marks"):

| Trademark | Registration Number | Registration Date | Class(es) / Relevant Goods |
|---|---|---|---|
|  | 0,297,594 | September 20, 1932 | IC 18: trunks, valises, traveling bags, satchels, hat boxes and shoe boxes used for luggage, hand bags, and pocketbooks. |

| Trademark | Registration Number | Registration Date | Class(es) / Relevant Goods |
|---|---|---|---|
| LOUIS VUITTON | 1,045,932 | August 10, 1976 | IC 18: luggage and ladies' handbags |
| **LV** | 1,519,828 | January 10, 1989 | IC 18: trunks, valises, traveling bags, satchels, hat boxes and shoe boxes used for luggage, hand bags, and pocketbooks. |
| **LV** | 1,938,808 | November 28, 1995 | IC 14: jewelry, watches, and straps for wrist watches. |
| LOUIS VUITTON | 1,990,760 | August 6, 1996 | IC 14: watches and straps for wrist watches.<br><br>IC 16: catalogues featuring luggage and travel accessories, bags, small leather goods, and garments; notebooks, anthologies, and pamphlets referring to travel; calendars; telephone indexes; fountain pens, ballpoint pens, nibs, covers for pocket and desk diaries, and checkbook holders.<br><br>IC 18: trunks; traveling trunks; suitcases; traveling bags; luggage; garment bags for travel; hat boxes for travel; shoe bags for travel; umbrellas; animal carriers; rucksacks; haversacks; leather or textile shopping bags; beach bags; handbags; vanity cases sold empty; attache cases; tote bags, travel satchels; clutch bags; briefcases; wallets; pocket wallets; credit card cases; business card cases; bill and card holders; checkbook holders; key cases; change purses; briefcase-type portfolios.<br><br>IC 24: travel blankets<br><br>IC 25: shirts; sweatshirts; polo shirts; T-shirts; headwear; jackets; ties; belts; shawls; scarves. |

| Trademark | Registration Number | Registration Date | Class(es) / Relevant Goods |
|---|---|---|---|
|  | 2,177,828 | August 4, 1998 | IC 14: goods made of precious metals, namely, shoe ornaments, ornamental pins; jewelry, namely, rings, ear rings, cufflinks, bracelets, charms, necklaces; horological instruments, straps for watches, watches and wrist-watches, and cases for watches.<br><br>IC 18: goods made of leather or imitations of leather are not included in other classes, namely, boxes made from leather; trunks, valises, traveling bags, luggage for travel, garment bags for travel, vanity cases sold empty, rucksacks, hand bags, beach bags, shopping bags, shoulder bags, attache cases, briefcases, and fine leather goods, namely, pocket wallets, purses, leather key holders, business card cases, calling card cases, and credit card cases, and umbrellas.<br><br>IC 25: clothing and underwear, namely, sweaters, shirts, suits, waistcoats, raincoats, skirts, coats, pullovers, trousers, dresses, jackets, shawls, stoles, sashes for wear, scarves, neckties, pocket squares, gloves, belts, socks, bath robes, shoes, boots, and sandals. |

| Trademark | Registration Number | Registration Date | Class(es) / Relevant Goods |
|---|---|---|---|
|  | 2,181,753 | August 18, 1998 | IC 014: goods made of precious metals, namely, shoe ornaments, ornamental pins, jewelry, namely, rings, belt buckles, ear rings, cufflinks, bracelets, charms, necklaces, horological instruments, straps for watches, watches, and wrist-watches, and cases for watches. IC 18: goods made of leather or imitations of leather are not included in other classes, namely, boxes made from leather; trunks, valises, traveling bags, luggage for travel, garment bags for travel, vanity cases sold empty, rucksacks, hand bags, beach bags, shopping bags, shoulder bags, attache cases, briefcases, and fine leather goods, namely, pocket wallets, purses, leather key holders, business card cases, calling card cases, credit card cases, and umbrellas. IC 25: clothing and underwear, namely, sweaters, shirts, suits, waistcoats, raincoats, skirts, coats, pullovers, trousers, dresses, jackets, shawls, stoles, sashes for wear, scarves, neckties, pocket squares, gloves, belts, socks, bath robes, shoes, boots, and sandals. |

| Trademark | Registration Number | Registration Date | Class(es) / Relevant Goods |
|---|---|---|---|
| LOUIS VUITTON PARIS | 2,346,373 | May 2, 2000 | IC 14: jewelry, namely, rings, belt buckles, ear rings, cufflinks, bracelets, charms, brooches, necklaces, horological instruments, watches, and cases for watches.<br><br>IC 18: Goods made of leather or of imitations of leather not included in other classes, namely, boxes of leather used for travel purposes, hat boxes for travel; trunks, valises, travelling bags, traveling sets for containing cosmetics, garment bags for travel, rucksacks, handbags, beach bags, shopping bags, shoulder bags, briefcases, pouches; fine leather goods, namely, pocket wallets, purses, key cases, card holders, checkbook holders; umbrellas.<br><br>IC 25: Clothing and underwear, namely, sweaters, shirts, suits, waistcoats, skirts, coats, pullovers, trousers, dresses, clothing jackets, shawls, stoles, scarves, neckties, clothing belts, bathing suits, footwear; head wear and waterproof clothing, namely, raincoats. |
|  | 2,361,695 | June 27, 2000 | IC 25: Clothing, namely, sweaters, shirts, sweatshirts, polo shirts, t-shirts, suits, waistcoats, raincoats, skirts, coats, pullovers, trousers, dresses, jackets, shawls, stoles, scarves, neckties, pocket squares, pocket handkerchief squares for wear, gloves, ties, belts, bathing suits, shoes, boots and sandals, and hats. |
| <br>LOUIS VUITTON PARIS | 2,378,388 | August 22, 2000 | IC 18: goods made of leather or imitations of leather not included in other classes, namely, boxes of leather principally used for travel purposes, trunks, valises, traveling bags, traveling sets for containing cosmetics and jewelry, rucksacks, handbags, beach bags, shopping bags, shoulder bags, brief cases, pouches, fine leather goods namely, pocket wallets, purses, key cases, business card cases, credit card cases, and calling card cases. |

| Trademark | Registration Number | Registration Date | Class(es) / Relevant Goods |
|---|---|---|---|
|  | 2,773,107 | October 14, 2003 | IC 14: Jewelry including rings, belt buckles of precious metals, earrings, cuff links, bracelets, charms, brooches, necklaces, tie pins, ornamental pins, and medallions; horological and chronometric instruments and apparatus, namely, watches, watch cases and clocks; nutcrackers of precious metals; candlesticks of precious metals, jewelry boxes of precious metals. IC 18: Travel bags, travel bags made of leather; luggage trunks and valises, garment bags for travel, vanity-cases sold empty; rucksacks, shoulder bags, handbags; attache-cases, briefcases, drawstring pouches, pocket wallets, purses, umbrellas, business card cases made of leather or of imitation leather, credit card cases made of leather or of imitation leather; calling card cases made of leather or of imitation leather; key holders made of leather or of imitation leather. IC 25: Clothing, namely, underwear, sweaters, shirts, T-shirts, suits, hosiery, belts, scarves, neck ties, shawls, waistcoats, skirts, raincoats, overcoats, suspenders, trousers, jeans, pullovers, frocks, jackets, winter gloves, dress gloves, tights, socks, bathing suits, bath robes, pajamas, night dresses, shorts, pocket squares; highheeled shoes, low-heeled shoes, sandals, boots, and slippers. |
|  | 4,192,541 | August 21, 2012 | IC 03: Soaps for personal use; perfumery; essential oils; cosmetics; creams for the hair, face, and body; lotions for the hair, face, and body; shower and bath gels; shower and bath preparations; shampoos; make-up preparations, namely, foundations, lipsticks, eye shadows, mascara, make-up powder, and nail polish IC 09: Sunglasses; spectacles; optical lenses; spectacle cases; telephones; mobile |

| Trademark | Registration Number | Registration Date | Class(es) / Relevant Goods |
|---|---|---|---|
|  |  |  | telephones; smart phones; PC tablets; personal digital assistants; MP3 players; accessories for telephones, mobile telephones, smart phones, PC tablets, personal digital assistants, and MP3 players, namely, hands-free kits for telephones, batteries, covers, housings, façades, chargers, hand straps, and neck straps |
|  |  |  | IC 14: Jewelry; key rings of precious metal; tie pins; medallions; jewelry boxes; watches; watch bands; alarm clocks; cases for timepieces |
|  |  |  | IC 16: Printed matter, namely, pamphlets, catalogs, and books in the field of travel, luggage, luxury goods, fashion, clothing, sports, the arts; publications, namely, brochures and booklets in the field of travel, luggage, luxury goods, fashion, clothing, sports, the arts; stationery; stationery articles, namely, note pads, writing books, drawing books, calendars, agendas, notebooks, envelopes, letter paper, and index cards; covers for diaries, indexes, and pads; office requisites, namely, letter trays, paper cutters, pencils, inkstands, inkwells, paperweights, pencil holders, pen holders, writing pads, pens, balls, and nibs for pens; postcards; paper labels; newspapers; printed documents, namely, printed certificates |
|  |  |  | IC 18: Boxes of leather or imitation leather for packaging and carrying goods; traveling bags; leather traveling sets of luggage; trunks; suitcases; garment bags for travel; vanity cases sold empty; toiletry bags sold empty; backpacks; handbags; attaché cases; leather document cases; wallets; purses; leather key cases; umbrellas |
|  |  |  | IC 24: Textiles and textile goods, namely, bath linen, bed linen, table linen, towels, bed |

| Trademark | Registration Number | Registration Date | Class(es) / Relevant Goods |
|---|---|---|---|
| | | | covers, textile table cloths<br><br>IC 25: Clothing, namely, underwear, shirts, tee-shirts, pullovers, skirts, dresses, trousers, coats, jackets, belts for clothing, scarves, sashes for wear, gloves, neckties, socks, bathing suits; footwear; headwear<br><br>IC 34: Cigar and cigarette cases of leather and imitation leather |
| LOUIS VUITTON | 4,530,921 | May 13, 2014 | IC 009: optical apparatus, namely, binoculars; blank USB sticks; spectacles; sunglasses; spectacle frames; spectacle glasses; spectacle cases; accessories for telephones, mobile phones, smart phones, tablet devices, PDAs, and MP3 players, namely, covers, neck straps, neck cords, and bags and cases specially adapted for holding or carrying portable telephones and telephone equipment and accessories.<br><br>IC 016: paper bags; boxes of cardboard or paper; cardboard and paperboard envelopes and pouches for packaging; plastic materials for packaging, namely, bags; posters; pamphlets referring to travel; postcards; catalogs featuring luggage, travel accessories, bags, small leather goods, and clothing; paper labels; trading cards; greeting cards; business cards; invitation cards; printed publications, namely, books, newspapers, leaflets, and magazines featuring luggage, travel accessories, purses, small leather goods, and clothing; bookbinding materials; printed photographs; photograph albums; stationery, namely, note pads, desk pads, writing pads, drawing pads, envelopes, note paper; calendars; pocket calendars; note books; telephone indexes; diary covers; diaries; office requisites, namely, letter trays, paper knives, ink stands, inkwells, paper weights, pencil holders, pen |

| Trademark | Registration Number | Registration Date | Class(es) / Relevant Goods |
|---|---|---|---|
| | | | holders, pencil tubs, blotting pads, pencils, fountain pens, rubber erasers, pen cases; printing types; printing blocks; table linens of paper.<br><br>IC 025: clothing, namely, pullovers, vests, shirts, tee-shirts, trousers, jackets, suits, coats, rain coats, waterproof jackets, waterproof pants, overcoats, parkas, skirts, dresses, pajamas, dressing gowns, nightgowns, robe, gloves, neck ties, belts for clothing, leather belts, scarves, pocket squares, sashes for wear, shawls, stockings, socks, tights, braces for clothing, suspenders, stoles, underwear, lingerie, bathing suits; headwear; shoes; slippers; boots; half-boots.<br><br>IC 026: buttons; hooks and eyes; shoe buckles; hair accessories, namely, hair pins, barrettes, hair bows, hair clips, hair bands, hair wraps; hair ornaments; brooches for clothing; clothing fasteners, namely, scarf holders. |
| **LV** | 4,614,736 | September 30, 2014 | IC 009: optical apparatus, namely, binoculars; blank USB sticks; spectacles; sunglasses; spectacle frames; spectacle glasses; spectacle cases; accessories for telephones, mobile phones, smart phones, tablet devices, PDAs, and MP3 players, namely, covers, neck straps, neck cords, and bags and cases specially adapted for holding or carrying portable telephones and telephone equipment and accessories.<br><br>IC 016: paper bags, boxes of cardboard or paper, cardboard and paperboard envelopes and pouches for packaging; plastic materials for packaging, namely, bags; posters; pamphlets referring to travel; postcards; catalogs featuring luggage, travel accessories, bags, small leather goods, and clothing; paper labels; trading cards; greeting cards; business cards; invitation cards; |

| Trademark | Registration Number | Registration Date | Class(es) / Relevant Goods |
|---|---|---|---|
| | | | printed publications, namely, books, newspapers, leaflets, and magazines featuring luggage, travel accessories, purses, small leather goods, and clothing; bookbinding materials; printed photographs; photograph albums; stationery, namely, note pads, desk pads, writing pads, drawing pads, envelopes, note paper; calendars; pocket calendars; note books; telephone indexes; diary covers; diaries; office requisites, namely, letter trays, paper knives, ink stands, inkwells, paper weights, pencil holders, pen holders, pencil tubs, blotting pads, pencils, fountain pens, rubber erasers, pen cases; printing types; printing blocks; table linens of paper.<br><br>IC 026: buttons; hooks and eyes; shoe buckles; hair accessories, namely, hair pins, barrettes, hair bows, hair clips, hair bands, hair wraps; hair ornaments; brooches for clothing; clothing fasteners, namely, scarf holders. |

The Louis Vuitton Marks are used in connection with the manufacture and distribution of high quality goods in the categories identified above.  True and correct copies of the Certificates of Registration for the Louis Vuitton Marks are attached hereto as Composite Exhibit "A."

16.     The Louis Vuitton Marks have been used in interstate commerce to identify and distinguish Louis Vuitton's high quality goods for an extended period of time.

17.     The Louis Vuitton Marks are symbols of Louis Vuitton's quality, reputation, and goodwill and have never been abandoned.

18.     The Louis Vuitton Marks are well-known and famous and have been for many years. Louis Vuitton has expended substantial time, money, and other resources developing,

advertising, and otherwise promoting the Louis Vuitton Marks. The Louis Vuitton Marks qualify as famous marks as that term is used in 15 U.S.C. § 1125(c)(1).

19.     Further, Louis Vuitton has extensively used, advertised, and promoted the Louis Vuitton Marks in the United States in association with the sale of high quality goods. Louis Vuitton has spent millions of dollars promoting the Louis Vuitton Marks and products bearing the Louis Vuitton Marks. In recent years, annual sales of products bearing the Louis Vuitton Marks have totaled in the hundreds of millions of dollars within the United States.

20.     As a result of Louis Vuitton's efforts, members of the consuming public readily identify merchandise bearing or sold under the Louis Vuitton Marks as being high quality luxury merchandise sponsored and approved by Louis Vuitton.

21.     Accordingly, the Louis Vuitton Marks have achieved secondary meaning as identifiers of high quality products.

22.     Louis Vuitton has carefully monitored and policed the use of the Louis Vuitton Marks and has never assigned or licensed the Louis Vuitton Marks to any of the Defendants in this matter.

23.     Genuine Louis Vuitton branded goods bearing the Louis Vuitton Marks are widely legitimately advertised and promoted by Louis Vuitton, its authorized distributors and unrelated third parties via the Internet. Over the course of the past several years, visibility on the Internet, particularly via Internet search engines such as Google, Yahoo!, and Bing has become increasingly important to Louis Vuitton's overall marketing and consumer education efforts. Thus, Louis Vuitton expends significant monetary resources on Internet marketing and consumer education, including search engine optimization ("SEO") strategies. Those strategies allow Louis

Vuitton and its authorized retailers to fairly and legitimately educate consumers about the value associated with the Louis Vuitton brand and the goods sold thereunder.

**Defendants' Infringing Activities**

24.     Upon information and belief, Defendants are promoting and advertising, distributing, selling, and/or offering for sale goods, including handbags, wallets, travel bags, leather key holders, jewelry, such as earrings, belts, shoes, cases and covers for portable telephones, and cases and covers for PC tablets, in interstate commerce bearing counterfeit and infringing trademarks that are exact copies of the Louis Vuitton Marks (the "Counterfeit Goods") through at least the Internet based e-commerce stores operating under the Seller IDs. Specifically, upon information and belief, Defendants are using identical copies of the Louis Vuitton Marks for different quality goods. Louis Vuitton has used the Louis Vuitton Marks extensively and continuously before Defendants began offering counterfeit and confusingly similar imitations of Louis Vuitton's merchandise.

25.     Upon information and belief, Defendants' Counterfeit Goods are of a quality substantially different than that of Louis Vuitton's genuine goods. Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling, and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge and intent that such goods will be mistaken for the genuine high quality goods offered for sale by Louis Vuitton despite Defendants' knowledge that they are without authority to use the Louis Vuitton Marks. The net effect of Defendants' actions will cause confusion of consumers who will believe Defendants' Counterfeit Goods are genuine goods originating from, associated with, and approved by Louis Vuitton.

26.     Defendants advertise their Counterfeit Goods for sale to the consuming public via e-commerce stores on Internet marketplace websites using at least the Seller IDs. In so advertising these goods, Defendants use the Louis Vuitton Marks without Louis Vuitton's permission. The misappropriation of Louis Vuitton's advertising ideas in the form of the Louis Vuitton Marks is the proximate cause of damage to Louis Vuitton.

27.     As part of their overall infringement and counterfeiting scheme, Defendants are, upon information and belief, all employing substantially similar, paid advertising and marketing strategies based, in large measure, upon an illegal use of counterfeits and infringements of the Louis Vuitton Marks. Specifically, Defendants are using counterfeits of Louis Vuitton's famous name and the Louis Vuitton Marks in order to make their e-commerce stores selling illegal goods appear more relevant and attractive to consumers online. By their actions, Defendants have created an illegal marketplace operating in parallel to the legitimate marketplace for Louis Vuitton's genuine goods. Defendants are causing concurrent and indivisible harm to Louis Vuitton and the consuming public by (i) depriving Louis Vuitton and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Louis Vuitton's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with the Louis Vuitton Marks, and (iii) increasing Louis Vuitton's overall cost to market its goods and educate consumers about its brand via the Internet.

28.     Upon information and belief, Defendants are concurrently targeting their counterfeiting and infringing activities toward consumers and causing harm within this district and elsewhere throughout the United States. As a result, Defendants are defrauding Louis Vuitton and the consuming public for Defendants' own benefit.

29.     Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Louis Vuitton's ownership of the Louis Vuitton Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

30.     Defendants' use of the Louis Vuitton Marks, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of their Counterfeit Goods, is without Louis Vuitton's consent or authorization.

31.     Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Louis Vuitton's rights for the purpose of trading on Louis Vuitton's goodwill and reputation. If Defendants' intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, Louis Vuitton and the consuming public will continue to be harmed.

32.     Defendants' above identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers, the public, and the trade before, during, and after the time of purchase. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Louis Vuitton's genuine goods and Defendants' Counterfeit Goods, which there is not.

33.     Further, upon information and belief, Defendants are likely to transfer or secret their assets to avoid payment of any monetary judgment awarded to Louis Vuitton.

34.     Louis Vuitton has no adequate remedy at law.

35.     Louis Vuitton is suffering irreparable and indivisible injury and has suffered substantial damages as a result of Defendants' unauthorized and wrongful use of the Louis Vuitton Marks. If Defendants' counterfeiting and infringing, and unfairly competitive activities are not preliminarily and permanently enjoined by this Court, Louis Vuitton and the consuming public will continue to be harmed.

36.     The harm and damages sustained by Louis Vuitton have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Counterfeit Goods.

## COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)

37.     Louis Vuitton hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 36 above.

38.     This is an action for trademark counterfeiting and infringement against Defendants based on their use of counterfeit and confusingly similar imitations of the Louis Vuitton Marks in commerce in connection with the promotion, advertisement, distribution, offering for sale, and sale of the Counterfeit Goods.

39.     Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing goods using counterfeits and/or infringements of one or more of the Louis Vuitton Marks. Defendants are continuously infringing and inducing others to infringe the Louis Vuitton Marks by using them to advertise, promote, and sell counterfeit and infringing goods.

40.     Defendants' concurrent counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods.

41.     Defendants' unlawful actions have individually and jointly caused and are continuing to cause unquantifiable damages to Louis Vuitton and are unjustly enriching Defendants at Louis Vuitton's expense.

42.     Defendants' above-described illegal actions constitute counterfeiting and infringement of the Louis Vuitton Marks in violation of Louis Vuitton's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

43.     Louis Vuitton has suffered and will continue to suffer irreparable injury and damages due to Defendants' above described activities if Defendants are not preliminarily and permanently enjoined.

### COUNT II - FALSE DESIGNATION OF ORIGIN
### PURSUANT TO § 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))

44.     Louis Vuitton hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 36 above.

45.     Upon information and belief, Defendants' Counterfeit Goods bearing, offered for sale, and sold using copies of the Louis Vuitton Marks have been widely advertised via at least one Internet marketplace website.

46.     Defendants' Counterfeit Goods bearing, offered for sale, and sold using copies of the Louis Vuitton Marks are virtually identical in appearance to Louis Vuitton's genuine goods. However, Defendants' Counterfeit Goods are different and likely inferior in quality. Accordingly, Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of their Counterfeit Goods.

47.     Defendants, upon information and belief, have used in connection with their advertisement, offer for sale, and sale of their Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols and trade dress, which

tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Louis Vuitton's detriment.

48.     Defendants have authorized infringing uses of the Louis Vuitton Marks, in Defendants' advertisement and promotion of their counterfeit and infringing branded goods. Defendants have misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing goods.

49.     Additionally, Defendants are using counterfeits and infringements of the Louis Vuitton Marks in order to unfairly compete with Louis Vuitton and others for space within search engine organic results, thereby jointly depriving Louis Vuitton of a valuable marketing and educational tool which would otherwise be available to Louis Vuitton and reducing the visibility of Louis Vuitton's genuine goods on the World Wide Web.

50.     Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51.     Louis Vuitton has no adequate remedy at law, and has sustained indivisible injury and damage caused by Defendants' concurrent conduct. Absent an entry of an injunction by this Court, Louis Vuitton will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

## COUNT III - COMMON LAW UNFAIR COMPETITION

52.     Louis Vuitton hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 36 above.

53.     This is an action against Defendants based on their promotion, advertisement, distribution, sale and/or offering for sale, of goods bearing marks that are virtually identical, both

visually and phonetically, to the Louis Vuitton Marks in violation of Florida's common law of unfair competition.

54.     Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing goods bearing counterfeits and infringements of the Louis Vuitton Marks. Defendants are also using counterfeits and infringements of the Louis Vuitton Marks to unfairly compete with Louis Vuitton and others for (1) space in search engine results across an array of search terms and (2) visibility on the World Wide Web.

55.     Defendants' infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the Louis Vuitton Marks.

56.     Louis Vuitton has no adequate remedy at law and is suffering irreparable injury and damages as a result of Defendants' actions.

## COUNT IV - COMMON LAW TRADEMARK INFRINGEMENT

57.     Louis Vuitton hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 36 above.

58.     This is an action for common law trademark infringement against Defendants based on their promotion, advertisement, offering for sale, and sale of their Counterfeit Goods bearing the Louis Vuitton Marks.  Louis Vuitton is the owner of all common law rights in and to the Louis Vuitton Marks.

59.     Specifically, Defendants, upon information and belief, are manufacturing, promoting, and otherwise advertising, distributing, offering for sale, and selling goods bearing infringements of the Louis Vuitton Marks.

60.     Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the Louis Vuitton Marks.

61.     Louis Vuitton has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendants' actions.

## PRAYER FOR RELIEF

62.     WHEREFORE, Louis Vuitton demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief, jointly and severally, against Defendants as follows:

a.     Entry of temporary, preliminary, and permanent injunctions pursuant to 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the Louis Vuitton Marks; from using the Louis Vuitton Marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or trade dress that may be calculated to falsely advertise the services or goods of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Louis Vuitton; from falsely representing themselves as being connected with Louis Vuitton, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants, are in any way endorsed by, approved by, and/or associated with Louis Vuitton; from using any reproduction, counterfeit, infringement, copy, or colorable imitation of

the Louis Vuitton Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Louis Vuitton, or in any way endorsed by Louis Vuitton and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of Louis Vuitton's name or trademarks; and from otherwise unfairly competing with Louis Vuitton.

b.      Entry of an Order requiring the Seller IDs, and any other alias seller identification names being used by Defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing counterfeits and infringements of the Louis Vuitton Marks be disabled by the applicable governing Internet marketplace website.

c.      Entry of an Order that, upon Louis Vuitton's request, any Internet marketplace website operators and/or administrators, including but not limited to Amazon.com, Bonanza.com, and iOffer.com, cease facilitating access to any or all e-commerce stores through which Defendants engage in the promotion, offering for sale and/or sale of goods bearing counterfeits and/or infringements of the Louis Vuitton Marks.

d.      Entry of an Order requiring Defendants to account to and pay Louis Vuitton for all profits and damages resulting from Defendants' trademark counterfeiting and infringing and unfairly competitive activities and that the award to Louis Vuitton be trebled, as provided for under 15 U.S.C. § 1117, or, at Louis Vuitton's election with respect to Count I, that Louis Vuitton be awarded statutory damages from each Defendant in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product sold, as provided by 15 U.S.C. § 1117(c)(2) of the Lanham Act.

e.      Entry of an award of Louis Vuitton's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

f.      Entry of an Order requiring all funds, including any funds restrained, up to and including the total amount of judgment, in payment accounts or money transfer systems used in connection with the Seller IDs or other alias seller identification or e-commerce store names used by Defendants presently or in the future, including Amazon Payments, Inc., PayPal, Inc., and any other financial institution, bank, and/or payment processing accounts, to be surrendered to Louis Vuitton in partial satisfaction of the monetary judgment entered herein.

g.      Entry of an award of pre-judgment interest on the judgment amount.

h.      Entry of an Order for any further relief as the Court may deem just and proper.

DATED: December 14, 2015.                    Respectfully submitted,

                                             STEPHEN M. GAFFIGAN, P.A.

                                             By: **s/Stephen M. Gaffigan**
                                             Stephen M. Gaffigan (Fla. Bar No. 025844)
                                             Virgilio Gigante (Fla. Bar No. 082635)
                                             T. Raquel Rodriguez-Albizu (Fla. Bar. No. 103372)
                                             401 East Las Olas Blvd., #130-453
                                             Ft. Lauderdale, Florida 33301
                                             Telephone: (954) 767-4819
                                             Facsimile: (954) 767-4821
                                             E-mail: Stephen@smgpa.net
                                             E-mail: Leo@smgpa.net
                                             E-mail: Raquel@smgpa.net

                                             Attorneys for Plaintiff,
                                             LOUIS VUITTON MALLETIER, S.A.

**SCHEDULE "A"**
**DEFENDANTS BY NUMBER AND SELLER IDS**

| Def. No. | Seller ID |
|----------|-----------|
| 1 | Adrian Padilla Hotgame Poster |
| 2 | Alan T. Nohara |
| 3 | Angie Ziv Harley |
| 4 | Anthony J. Ramsey |
| 5 | AshtonWells |
| 6 | Bravo Sweet Poster Online |
| 7 | Brian Hedrick |
| 8 | cavanad |
| 9 | covermate |
| 10 | Cute Cover |
| 11 | David Jose Barton |
| 12 | Dena windmiller |
| 13 | Dustin Mammenga |
| 14 | Gabriel Vega Xavier |
| 15 | Gfgytrmm |
| 16 | Great Happiness |
| 17 | Kara Zahradnik |
| 18 | Kelly Lively |
| 19 | kfjfety |
| 20 | Khulus Abdul-Qayyum Harb |
| 21 | lifeHunter |
| 22 | Luis B Hugh |
| 23 | Mahdiyah Manab Shadid |
| 24 | MIDUO |
| 25 | NinasonOwens |
| 26 | shameeza jamaludeen |
| 27 | Shayna Somer |
| 28 | Sheila J. Smith |
| 29 | Shirley P. Penley |
| 30 | Spencer Baron |
| 31 | Tara Mooney Popovich |
| 32 | Tavalley |
| 33 | tina gage eunice |
| 34 | Wendy Hall |
| 35 | WJLKLUY |
| 36 | bakabon9 |
| 37 | funandhappy |
| 38 | Jembutten |
| 39 | MemeShop |
| 40 | nextstore |
| 41 | numbala |

| Def. No. | Seller ID |
|---|---|
| 42 | SidoPayuCase |
| 43 | sutentor7 |
| 44 | armaniwatches333 |
| 45 | christmastree25 |
| 46 | gongfu2012 |
| 47 | hellobuyer88 |
| 48 | mingtiamneihao2010 |
| 49 | perfume999 |
| 50 | regards889 |
| 51 | xiao347liu |
| 52 | yulonghuayuan77 |